## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD STEWART<br>1910 W. Airdrie Street<br>Philadelphia, PA 19140 | :    CIVIL ACTION<br>:<br>:    CASE NO.: |
| Plaintiff, | : |
| | : |
| v. | : |
| | :    **JURY TRIAL DEMANDED** |
| EXPRESS, LLC<br>1250 Baltimore Pike<br>Springfield, PA 19064<br>    and<br>LIMITED BRANDS, INC.<br>Three Limited Parkway<br>P O Box 16000<br>Columbus, OH 43216 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Donald Stewart (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Express LLC and Limited Brands Inc. (hereinafter referred to collectively as "Defendants" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1.      Plaintiff initiates the instant action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. § 2000e, *et. seq.*). Plaintiff asserts he was unlawfully terminated from Defendants.

### JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Express LLC (hereinafter "Defendant Express") is a clothing retailer with locations nationwide, and at all times relevant herein, operated a woman's retail location within the Springfield Mall within Springfield, Pennsylvania.  Defendant Express was Plaintiff's direct employer.

8.      Defendant Limited Brands Inc. (hereinafter "Defendant Limited") is headquartered at the above-captioned address.  Upon information and belief, Defendant Limited owned and operated Defendant Express while Plaintiff was employed therein (along with other popular retail establishments such as Victoria Secret, Bath & Body Works, etc...).

9.      While it is believed that Defendant Limited has sold Defendant Express, when Plaintiff was employed with Defendant Express, Defendant Limited: (1) set policies and guidelines within Defendant Express; (2) oversaw management within Defendant Express; (3)

administered employment benefits through Defendant Express; (4) advertised for Defendant Express; (5) served as human resources and dictated that complaints go through it as an entity; and (6) Plaintiff was transferred by and within Defendant Limited while employed, directed by Defendant Limited, and he made complaints that form the basis of his underlying claims herein through Defendant Limited as directed.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants were sufficiently interrelated and integrated in their activities, labor relations, ownership and management (while Plaintiff was employed) that they may be treated as a single, integrated and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a male.

14. Plaintiff was hired by Defendants in or about the fall of 2003.

15. Plaintiff was hired by Defendant as a sales associate.

16. Plaintiff was promoted shortly after commencing his employment with Defendants as a brand / sales leader.

17. Within Plaintiff's first full year of employment, he had been promoted twice, the second time being to the position of co-manager.

18.     Plaintiff excelled within Defendants' businesses, assisted with various locations, and was placed to assist as a manager of Defendants' Granite Run location (a men's store).

19.     After Plaintiff's store (Granite Run) closed in late 2006, Plaintiff was placed by Defendants within their Springfield Mall (Springfield, PA) location.

20.     At Defendants' Springfield Mall location, Plaintiff worked in various management capacities and then towards the end of his employment began being overseen by one Ariana Fortune (spelled phonetically), a female.

21.     Toward the end of Plaintiff's employment, his district manager had become Kristin Mark (spelled phonetically), a female.

22.     Defendants' management had expressed animosity towards Plaintiff working within the Springfield Mall store because it was a woman's store even though Plaintiff's men's store had closed and he was transferred to Defendants' Springfield management location.

23.     Defendants' Springfield location was female managed prior to Plaintiff's transfer and consisted of, to Plaintiff's knowledge, predominantly (if not all) female employees.

24.     Plaintiff was explicitly treated in a hostile manner for being a male within the location by Defendants' management.

25.     Plaintiff was terminated in January of 2008 for alleged lateness and customer service scores, issues that were selectively enforced against him for which females were not disciplined or terminated for in a similar manner.

26.     Once Plaintiff was terminated from Defendants, Defendants promptly replaced Plaintiff with a female supervisory employee.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**- Gender Discrimination -**

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff properly exhausted his administrative remedied to proceed under Title VII of the Civil Rights Act of 1964 by timely filing an EEOC Charge and by initiating the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

29.     Plaintiff was pretextually terminated by Defendants because of his gender.

30.     These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiffs pray that this Court enter an Order providing that:

i.      Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

ii.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.   Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

iii.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants

5

for their willful, deliberate, malicious and outrageous conduct and to deter

Defendants or other employers from engaging in such misconduct in the future;

iv.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court

deems just, proper and appropriate;

v.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal

fees as provided by applicable federal and state law;

vi.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the

financial recovery available to Plaintiff in light of the caps on certain damages set

forth in applicable federal law;

vii.    Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law.

Plaintiff has also endorsed this demand on the caption of this Complaint in

accordance with Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____

Ari R. Karpf, Esquire
Attorney for Plaintiffs
3331 Street Road
Bldg. 2, Ste. 128
Bensalem, PA 19020


Dated: April 16, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Donald Stewart : CIVIL ACTION

v.

Express, LLC, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

4/16/2012 — Date

Ari R. Karpf — Attorney-at-law

Plaintiff — Attorney for

(215) 639-0801 — Telephone

(215) 639-4970 — FAX Number

akarpf@karpf-law.com — E-Mail Address

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1910 West Aldrine St., Philadelphia PA 19140

Address of Defendant: 1250 Baltimore Pike, Springfield PA 19064

Place of Accident, Incident or Transaction: Three Limited Parkway, PO Box 16000, Columbus OH 43216 Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

---

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

          Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

          Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

          Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

          Yes☐  No☐

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

(Check Appropriate Category)

I, Ari R. Karpf _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/16/2012          _____ Attorney-at-Law          ARK2484  Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/16/2012          _____ Attorney-at-Law          ARK2484  Attorney I.D.# 91538

CIV. 609 (6/08)

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STEWART, DONALD

**(b)** County of Residence of First Listed Plaintiff **Philadelphia**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

EXPRESS, LLC, et al.

County of Residence of First Listed Defendant **Delaware**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 "Title VII" (42USC2000)

Brief description of cause:
Violations by Defendants of Title VII.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE _____

DOCKET NUMBER _____

Explanation:

DATE 4/10/2012

SIGNATURE OF ATTORNEY OF RECORD _____

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |